UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN JOHN GRIGSBY, | Case No. 2:24-cv-2488-JDP (P) |
| Petitioner, | |
| v. | ORDER |
| KEVIN HIXON, | |
| Respondent. | |

Petitioner, a state prisoner, brings this action under section 2254. ECF No. 1. The petition does not, as articulated, assert a viable federal habeas claim. I will dismiss the current petition and give petitioner an opportunity to amend and to explain why this action should proceed. I will grant petitioner's application to proceed *in forma pauperis*. ECF No. 5.

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

Petitioner argues that he is subject to a federal detainer and that procedural safeguards associated with that detainer have not been followed. ECF No. 1 at 2. He claims that the detainer

1

has had an adverse effect on him because it has precluded participation in prison vocational programs. *Id.* These allegations do not state a viable federal habeas claim. Petitioner is not in federal custody and inability to access prison programs does not give rise to a viable habeas claim. *See Buckner v. United States Marshal*, No. 5:24-cv-01166-SPG-AJR, 2024 U.S. Dist. LEXIS 157414, *10-11 (C.D. Cal. Jul. 17, 2024) ("Petitioner is not challenging his conviction or sentence and is not currently in federal custody under the detainer issued by the U.S. Marshal in Fresno. To the extent Petitioner's claim challenges his ineligibility for . . . state prison rehabilitative programs as a result of a federal detainer, such ineligibility does not rise to the level of a constitutional deprivation for which habeas relief can be granted.") (quoting *Miller v. Phelps*, No. 10-779 (RBK), 2011 U.S. Dist. LEXIS 21861 (D. Del. Mar. 4, 2011) (internal quotation marks omitted)).

Rather than recommending immediate dismissal, I will permit petitioner to amend his petition so that he may better explain the nature of his claims and why they should proceed. If petitioner fails to amend within thirty days, I will recommend that this action be dismissed.

Accordingly, it is ORDERED that:

1. Petitioner's application to proceed *in forma pauperis*, ECF No. 5, is GRANTED.

2. The petition, ECF No. 1, is DISMISSED with leave to amend.

3. Within thirty days from service of this order, petitioner shall file either (1) an amended petition or (2) notice of voluntary dismissal of this action without prejudice.

4. Failure to timely file either an amended petition or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk of Court shall send petitioner a habeas petition form with this order.

IT IS SO ORDERED.

Dated:   February 28, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

2