UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN JOHN GRIGSBY,<br><br>              Petitioner,<br><br>    v.<br><br>KEVIN HIXON,<br><br>              Respondent. | Case No. 2:24-cv-2488-JDP (P)<br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, alleges in his first amended 28 U.S.C. § 2254 petition that his procedural due process rights were violated when certain procedures were not followed when he was notified that a detainer was being placed upon him. ECF No. 9. Similar to his original petition, his first amended petition does not, as articulated, assert a viable federal habeas claim. I will dismiss the current petition and give petitioner a final opportunity to amend and to explain why this action should proceed.

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019);

1  *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

2   Petitioner's first amended petition raises the same argument presented in his original
3  petition; petitioner argues that he is subject to a federal detainer and that procedural safeguards
4  associated with that detainer have not been followed. ECF No. 9 at 6. He claims that the detainer
5  has had an adverse effect on him because it has precluded participation in prison vocational
6  programs. *Id.* These allegations do not state a viable federal habeas claim. Petitioner's claims
7  fail to show that he is in federal custody, and the inability to access prison programs does not give
8  rise to a viable habeas claim. *See Buckner v. United States Marshal*, No. 5:24-cv-01166-SPG-
9  AJR, 2024 WL 3915101, *13 (C.D. Cal. July 17, 2024) ("Petitioner is not challenging his
10 conviction or sentence and is not currently in federal custody under the detainer issued by the
11 U.S. Marshal in Fresno. To the extent Petitioner's claim challenges his ineligibility for . . . state
12 prison rehabilitative programs as a result of a federal detainer, such ineligibility does not rise to
13 the level of a constitutional deprivation for which habeas relief can be granted.") (quoting *Miller
14 v. Phelps*, No. 10-779 (RBK), 2011 WL 846104 (D. Del. Mar. 4, 2011) (internal quotation marks
15 omitted)).

16  Rather than recommending immediate dismissal, I will permit petitioner a final
17 opportunity to amend his petition so that he may better explain the nature of his claims and why
18 they should proceed. If petitioner fails to amend within thirty days, I will recommend that this
19 action be dismissed.

Accordingly, it is ORDERED that:

1. The petition, ECF No. 9, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, petitioner shall file either (1) an amended petition or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended petition or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send petitioner a habeas petition form with this order.

IT IS SO ORDERED.

Dated:   June 10, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3